UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN HANDEL,<br><br>   *Plaintiff*,<br><br> v.<br><br>PERRI KIPPERMAN and KIPPERMAN MANAGEMENT LTD.,<br><br>   *Defendants*. | Case No.: _____<br><br>JURY TRIAL DEMAND |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Lauren Handel (p/k/a Lauren Ambrose) ("Plaintiff"), by and through her attorneys, for her complaint against Defendants Perri Kipperman and Kipperman Management Ltd. ("Defendants"), alleges as follows:

## NATURE OF THE CLAIMS AND RELIEF SOUGHT

1. Plaintiff seeks a declaratory judgment that an oral arrangement between Plaintiff and Defendants is unenforceable pursuant to the New York statute of frauds and that Plaintiff owes no ongoing commissions to Defendants.

## THE PARTIES

2. Plaintiff is an individual who is domiciled and resides in Massachusetts.

3. Upon information and belief, Defendant Perri Kipperman is an individual who is domiciled in New York and resides at 420 West End Ave # 1G, New York, NY 10024.

4. Upon information and belief, Defendant Kipperman Management Ltd. is a New York corporation with its principal place of business 345 7th Avenue Suite 503, New York, New York 10001.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000. This Court also has jurisdiction under 28 U.S.C. § 2201 (Declaratory Judgment Act). This court also would have supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant Perri Kipperman because, upon information and belief, she is a resident of the State of New York and is domiciled in this District.

7. This Court has personal jurisdiction over Defendant Kipperman Management Ltd. because, upon information and belief, it is an active corporation formed in the State of New York with its principal place of business in this District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff is being harmed in this District, and because the Defendants are subject to personal jurisdiction in this District.

9. An actual case or controversy exists between the parties, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Specifically, Defendants have claimed in threatening email sent by Defendants' counsel that Plaintiff has allegedly breached an oral agreement with Defendants and is allegedly withholding commissions due and owing to Defendants.

10. Defendants have made actual threats to file a lawsuit against Plaintiff and have even gone so far as to ask Plaintiff's counsel twice whether they would accept service of a complaint. Defendants' actions and statements threaten injury to Plaintiff.

11. Based on the foregoing, there is a case or controversy based on a real and immediate injury or threat of future injury that is caused by Defendants. A justiciable controversy exists between Plaintiff and Defendants as to whether the parties' oral arrangement, as described below, is unenforceable under the statute of frauds and whether Plaintiff owes commission payments to Defendants, and there is sufficient immediacy and reality to warrant the issuance of a declaratory judgement.

## FACTUAL BACKGROUND

12. Plaintiff is an American actor and singer who performs in television, film, and on Broadway.

13. In 2019, Plaintiff began starring in the Apple TV+ series *Servant*.

14. Defendant Perri Kipperman is a talent manager and the Chief Executive Officer of Defendant Kipperman Management Ltd.

15. In or around 2009, Plaintiff met Perri Kipperman in New York and orally engaged Defendants to provide personal management services for Plaintiff.

16. The parties orally agreed that Plaintiff would pay Defendants ten percent (10%) of all monies earned by Plaintiff in connection with projects procured during the course of the arrangement (the "Oral Arrangement").

17. No written agreement or other written memorialization of the parties' Oral Arrangement exists or was ever made.

18. In or about December 2021, Perri Kipperman inadvertently left Plaintiff a voicemail, the contents of which Plaintiff believes to be unprofessional and inappropriate ("Voicemail").

19. As a result of the Voicemail, Plaintiff terminated the Oral Arrangement with Defendants on or about December 3, 2021.

20. Despite the termination of the Oral Arrangement, Defendants have demanded continuation in perpetuity of commission payments on all of Plaintiff's projects that were procured during the term of the Oral Arrangement, including, without limitation, approximately $325,000 in connection with Plaintiff's current role in *Servant*.

21. Counsel for Defendants have threatened to sue Plaintiff and therefore a live controversy exists because Defendants are convinced that they are entitled to commissions from Plaintiff's continuing earnings flowing from deals entered into during the term of the Oral Arrangement, including without limitation, for *Servant*.

22. Despite Defendants' demands, the Oral Arrangement between Plaintiff and Defendants is unenforceable pursuant to New York's statute of frauds.

23. The Oral Arrangement is unenforceable pursuant to New York's statue of frauds because, according to Defendants, Plaintiff's obligations to the Defendants extend beyond Defendants' termination, have no specific time frame, and are not in writing.

24. The Oral Arrangement is unenforceable under New York's statute of frauds because, according to Defendants, Plaintiff may not unilaterally terminate the Oral Arrangement and discharge her promise to Defendants to tender commission payments.

25. The Oral Arrangement is unenforceable under New York's statute of frauds because, according to Defendants, commission payments from Plaintiff would continue to be due to Defendants under the Oral Arrangement indefinitely; accordingly, the Oral Arrangement cannot possibly be performed within one year.

## FIRST CAUSE OF ACTION
### (DECLARATORY RELIEF UNDER 28 U.S.C. § 2201)

26. Plaintiff realleges and incorporates by reference each of the paragraphs set forth above as though fully set forth herein.

27. As a result of Defendants' accusations, demands, and concrete threats of litigation, there is an actual, present, and justiciable controversy between Plaintiff and Defendants as to whether the Oral Arrangement is unenforceable under New York's statute of frauds and whether as a result, Plaintiff owes certain commissions to Defendants.

28. The controversy between Plaintiff and Defendants is substantial and adversely impacts each parties' legal interests in a manner that is both real and immediate.

## DEMAND FOR JURY TRIAL

29. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. For a declaration that the Oral Arrangement between Plaintiff and Defendants is unenforceable under New York's statute of frauds;

B. For a declaration that Plaintiff does not owe any commissions or any other monies to Defendants now or in the future;

C. For an award of reasonable attorneys' fees, expenses, and costs incurred in connection with this action; and

D. For such further relief as is just and equitable.

| | |
|---|---|
| Dated: New York, New York<br>April 22, 2022 | COWAN, DEBAETS, ABRAHAMS<br>& SHEPPARD LLP<br><br>By: /s/ Scott J. Sholder<br><br>Scott J. Sholder<br>CeCe M. Cole<br>41 Madison Avenue, 38th Floor<br>New York, New York 10010<br>Tel.: (212) 974-7474<br>Fax: (212) 974-8474<br>ssholder@cdas.com<br>ccole@cdas.com<br><br>*Attorneys for Plaintiff* |